UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
*Filed Electronically*

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MISTY ANN KEELE | ) | Case No. 18-11184 |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| MISTY ANN KEELE | ) | |
| | ) | |
| Plaintiff | ) | AP No. 23-01008-jal |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, ON BEHALF OF U.S. DEPARTMENT OF EDUCATION, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**UNITED STATES' MOTION TO DISMISS**

Defendant, the United States of America, on behalf of its agency the U.S. Department of Education ("Education"), by counsel, moves to dismiss this adversary proceeding because Plaintiff, Misty Keele ("Debtor"), cannot discharge her post-petition student loans in her Chapter 7 bankruptcy. As a result, Debtor's claim against the United States fails as a matter of law, and there is no need to engage in the undue hardship analysis required by 11 U.S.C. § 523(a)(8).

In support of this Motion, the United States submits the following:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. Debtor commenced a pro se Chapter 7 bankruptcy by filing a petition for relief with this Court on December 7, 2018 in Case No. 18-11184 (the "Main Bankruptcy").

3. When Debtor filed her Main Bankruptcy in 2018, her Schedule E/F disclosed that

she had more than $50,000 in unidentified student loans. *See* Schedule E/F (Main Bankruptcy DN 1), pgs. 43.

4. In Debtor's Main Bankruptcy, the Court entered an Order of Discharge (Main Bankruptcy DN 29) on May 30, 2019, granting Debtor a bankruptcy discharge pursuant to 11 U.S.C. § 727. A copy of that Order of Discharge is attached hereto as **Exhibit A**.

5. Four years later, in May 2023 Debtor moved to reopen her Chapter 7 case to file this adversary proceeding against the United States and Education. *See* Motion (Main Bankruptcy DN 36). That Motion to Reopen was granted by the Court on May 22, 2023. *See* Order (Main Bankruptcy DN 37).

6. On June 16, 2023, Debtor instituted this pro se adversary proceeding by filing a Complaint against Education seeking to discharge her student loan pursuant to 11 U.S.C. § 523(a)(8).

7. The United States filed an Answer (DN 15) to Debtor's Complaint on October 11, 2023.

8. While this adversary proceeding was pending in this Court, Debtor consolidated all her federal student loans into two student loans.

9. On or about November 1, 2023, Debtor signed a Direct Consolidation Loan Application and Promissory Note ("Consolidation Note"), a copy of which is attached as **Exhibit B**.

10. In that Consolidation Note, Debtor applied to consolidate her fourteen student loans held by the Department of Education. *Id.* The Consolidation Note further explained that upon receipt of the signed document, Education would review the information and then provide

Debtor with a notice, explaining which loans could be consolidated and a deadline for Debtor to cancel the consolidation. *Id.* at pg. 2.

11. Debtor proceeded with her loan consolidation as set forth in the Consolidation Note.

12. As a result, Debtor now has two consolidation loans with the Department of Education both dated November 27, 2023 (collectively the "Consolidation Loans"). The first loan is in the original principal amount of $33,066 plus interest, and the second loan is in the original principal amount of $21,856 plus interest. The United States has attached Debtor's National Student Loan Database System records, which reflect Debtor's two Consolidation Loans obtained in November 2023. *See* Debtor's NSLDS records, attached as **Exhibit C**.

13. Since the United States has already filed an Answer (DN 15) in this adversary proceeding, the United States now moves for judgment on the pleadings pursuant to Fed. R. Bankr. P. 7012, which incorporates Fed. R. Civ. P. 12(c).

14. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *Bailey v. Bailey (In re Bailey)*, No. 23-8001, 2024 WL 1511984, *5-6 (B.A.P. 6th Cir. April 8, 2024). "'A motion for judgment on the pleadings essentially constitutes a delayed motion under Rule 12(b)(6) and is evaluated under the same standard.'" *Id.* (quoting *Kenyon v. Union Home Mortg. Corp.*, 581 F.Supp.3d 951, 955 (N.D. Ohio 2022)). "In other words, judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law." *Id.*

15. Even assuming that all Debtor's allegations in the Complaint are true, she is not entitled to the relief requested because Debtor cannot discharge her post-petition Consolidation Loans through her Chapter 7 Bankruptcy.

16. Section 523(a)(8) of the Bankruptcy Code provides that "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . unless excepting such [student loan] debt . . . would impose an undue hardship on the debtor and the debtor's dependents . . . ." 11 U.S.C. § 523(a)(8).

17. Since Debtor filed a Chapter 7 Bankruptcy, her discharge is controlled by 11 U.S.C. § 727.

18. Section 727(b) provides that a Chapter 7 debtor may receive a discharge "from all debts that arose *before* the date of the order of relief under this chapter . . . ." 11 U.S.C. § 727(b)(emphasis added); *see also Grubin v. Sallie Mae Servicing Corp. (In re Grubin)*, 476 B.R. 699 (Bankr. E.D.N.Y. 2012) (denying discharge of post-petition consolidation loan in Chapter 7 bankruptcy). As a result, a Chapter 7 debtor may only discharge prepetition debts. Since Debtor's Consolidation Loans were obtained post-petition, these loans cannot be discharged under § 727.

19. The *Grubin* decision is directly on point. There, the debtor sought a determination from the bankruptcy court that her post-petition consolidation loan was discharged in her Chapter 7 bankruptcy. *Grubin*, 476 B.R. at 703-704. Like the Debtor in this adversary proceeding, the *Grubin* debtor consolidated her general student loans more than two years *after* she filed for bankruptcy. *Id.* at 709. In denying debtor's discharge request, the bankruptcy court recognized that "[a] necessary corollary" of § 727(b) "is that a chapter-7 discharge does not

operate against debts that arose after the petition date." *Id.* at 710. Since the *Grubin* debtor's consolidation loan was obtained post-petition, it could not be discharged in her earlier Chapter 7 bankruptcy.

20. The same result should be reached here. Debtor's Consolidation Loans were not obtained before her Chapter 7 Bankruptcy filing; instead, she obtained the Loans more than four years later. As a result, the Consolidation Loans do not fit within the discharge parameters in § 727(b).

21. Since Debtor cannot discharge her student loans pursuant to § 727, Debtor's Complaint against Education should be dismissed as a matter of law. It is unnecessary to address whether Debtor could satisfy the undue hardship standard in § 523(a)(8) because, even if repayment of the Consolidation Loans resulted in an undue hardship, Debtor is not entitled to a bankruptcy discharge of the Loan in the first instance.

22. Finally, throughout this litigation Debtor has asserted a number of claims against the United States, Education, and other federal agencies regarding the administration of her student loans or the student loan industry. Even if Debtor could state a claim against the United States, this Court lacks jurisdiction over any other claim.

23. As a Court of limited jurisdiction, bankruptcy courts' jurisdiction is limited to matters "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see also In re Uber*, 443 B.R. 500, 505 (Bankr. S.D. Ohio 2011). The United States submits that this Court does not have jurisdiction over Debtor's other claims against the federal government, especially since Debtor's Chapter 7 Bankruptcy was initially closed almost six years ago when Debtor received her 2019 discharge. *Uber*, 443 B.R. at 507. None of Debtor's

allegations relate to her prior bankruptcy or Title 11. As a result, to the extent Debtor asserts any other claims against the United States, those claims should be dismissed as well for lack of jurisdiction.

For these reasons, the United States respectfully requests dismissal of all claims asserted in this adversary proceeding and for all other relief to which it may be entitled.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/ Katherine A. Bell*
Katherine A. Bell
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
Phone: (502) 582-5094
Fax: (502) 625-7110
Email: Katherine.bell@usdoj.gov

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was filed on May 27, 2025 using the Court's electronic filing system. On the same date, the United States provided electronic notice of this filing to pro se Debtor by email at mistyknudson@gmail.com.

*s/ Katherine A. Bell*
Katherine A. Bell
Assistant U. S. Attorney